IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY JOHNSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| GDOC Commissioner JAMES DONALD, *et al.*, | : | NO. 7:05-CV-116(HL) |
| Defendants | : | **O R D E R** |

*Pro se* plaintiff **MICHAEL ANTHONY JOHNSON** has complied with the previous order of this Court to provide an *in forma pauperis* form and supporting documentation concerning his IFP application (Tab # 6), as well as to complete and sign a 42 U.S.C. § 1983 complaint form (Tab # 5). Upon examination of plaintiff's IFP form, it appears that plaintiff is unable to pay the cost of commencing this action. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATUTE OF LIMITATIONS

Initially, the Court notes that certain of plaintiff's claims are barred by the statute of limitations. The length of the statute of limitations for filing a section 1983 claim is controlled by

state law. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). The Court will assume that plaintiff submitted his complaint to prison authorities for mailing on the same day that he signed the complaint (October 24, 2005), and that the complaint was thus effectively filed on that date. *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (in cases where *pro se* prisoners file complaints, "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness."). In regard to those claims that arise out of events occurring prior to October 24, 2003, plaintiff's complaint was signed and filed outside the applicable statute of limitations period. Such claims, including those raised in plaintiff's "Statement of Ongoing Issues" (Tab # 10), from events that took place in 2002, are barred by the Georgia statute of limitations and are not further addressed herein.

### III. DISCUSSION

In his original complaint (Tab # 1) and several amendments (Tab #s 5 & 9-14), plaintiff asserts a variety of claims regarding policies and practices at Valdosta State Prison ("VSP"), where plaintiff has been confined since 2004. Based upon plaintiff's complaint and amendments, it is difficult for the Court to determine all the claims plaintiff raises and how each of the named defendants specifically violated his rights. Upon review of plaintiff's submissions, the Court nevertheless finds the following.

   *A. Fees*

Plaintiff generally complains that under Georgia Department of Corrections' policy, prison officials have deducted from plaintiff's prison account $1.00 per month to cover the costs of administering his account, $4.00 for each disciplinary report, and $5.00 for each medical visit.

### 1. $1 Administrative Fee

Pursuant to O.C.G.A. § 42-5-3(e), prison officials may charge a $1.00 monthly fee to defray the costs associated with maintaining a prisoner's money account. The alleged deprivation of $1.00 per month is reasonable, particularly since plaintiff receives basic necessities at the expense of the Georgia taxpayers.

### 2. $4 Disciplinary Fee

O.C.G.A. § 42-5-55 specifically grants the Department of Corrections Commissioner the authority to establish "rules and regulations criteria for a reasonable deduction from money credited to the account of an inmate." The Court finds that the $4.00 disciplinary report fee is likewise reasonable and does not constitute an excessive deduction.

### 3. $5 Medical Co-Pay

There is no "general constitutional right to free health care." **Reynolds v. Wagner**, 128 F.3d 166, 173 (3d Cir. 1997); *accord* **City of Revere v. Massachusetts Gen. Hosp.**, 463 U.S. 239, 245 n.7 (1983) ("Nothing we say here affects any right a hospital or government entity may have to recover from a detainee the cost of medical services provided to him."). The fact that plaintiff was assessed a $5.00 fee for medical services, without any showing that he was denied care because of an inability to pay the fee, does not violate the Eighth Amendment. **Reynolds**, 128 F.3d at 173.

### B. Denial of Access to the Courts

4

Plaintiff, in summary fashion, alleges that he was denied and/or had restrictions placed upon the stationery supplies (although plaintiff was obviously able to obtain more than 30 pieces of paper), stamps, and other legal supplies he sought.

For a claim to rise to the level of a violation of plaintiff's constitutional right to access to the courts, plaintiff must show that he suffered an "actual injury," *see Lewis v. Casey*, 518 U.S. 343, 351 (1996), "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." ***Wilson v. Blankenship***, 163 F.3d 1284, 1290 (1998). Examples of actual injury include having a case dismissed for failure to meet some technical requirement or being unable to file a complaint. ***Lewis***, 518 U.S. at 351.

Plaintiff has not alleged any injuries to a qualified legal action as a result of the above-alleged restrictions. Moreover, in light of plaintiff's numerous submissions in this case, this Court does not believe that plaintiff has suffered any injury necessary to justify his claim.

### *C. Grievance Procedure*

Plaintiff complains that he has been denied rights under the VSP grievance procedure. More specifically, plaintiff complains that his grievances are never answered and that the prison's informal grievance process is used as a "tool" to "prevent access to legal remedies."

Alleged deficiencies in the grievance process do not give rise to any valid constitutional claim. The Eleventh Circuit Court of Appeals has held that a prisoner has no constitutional right to participate in prison grievance procedures and violations of such procedures simply do not give rise to a claim under section 1983. ***Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989).

### *D. Fumes, Dirt, and Dust*

Plaintiff alleges that the constant waxing and buffing of VSP floors, as well as constant painting, "bothers" his lungs. He further alleges that he suffered mental and emotional stress as a result of the fumes, dirt, and dust. Plaintiff provides no other details regarding this claim.

While he may have suffered temporary discomfort, plaintiff is not entitled to relief because he has failed to plead a physical injury as a result of the above alleged acts. *See* 42 U.S.C. § 1997e(e) (no federal civil action may be brought by inmate for mental or emotional injury suffered while in custody unless there is prior showing of physical injury); ***Harris v. Garner***, 190 F.3d 1279, 1286 (11th Cir. 2000) (*en banc*) (holding that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*).

### E.  Denial of Medical Care

Plaintiff summarily claims that he is suffering from an ongoing painful, irritating, and unsightly skin rash. Initially, the Court finds that plaintiff's condition cannot be properly characterized as a serious medical condition as contemplated under section 1983." ***Estelle v. Gamble***, 429 U.S. 97, 107 (1976). Moreover, plaintiff does not name any defendants in connection with this claim.

Plaintiff states that in addition to his skin rash, he also suffers from arthritis and unspecified "stomach problems." Although these conditions could be serious medical needs, plaintiff has not explained the nature and severity of either condition, nor has he shown that any of the named defendants were deliberately indifferent to any of his medical needs.

Plaintiff's claim of inadequate medical care must therefore be dismissed. If plaintiff wishes to file a future lawsuit complaining about inadequate medical treatment, he is advised that he must

explain in precise detail what attempts he made to obtain medical care at VSP; to whom and when he made such requests; and the result of those attempts, including any care he actually received. In addition, if plaintiff is alleging that any consequences befell him from being denied treatment and/or medication, he is instructed to describe specifically the nature of those consequences.

### F. *Disciplinary Report*

Plaintiff summarily states that his due process rights were violated when he apparently was not allowed to call witnesses or present evidence at his disciplinary hearing. Although prisoners have a qualified right to call witnesses in a disciplinary hearing, *see* **Wolff v. McDonnell**, 418 U.S. 539, 566 (1974), this right is not required unless the discipline imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." **Sandin v. Connor**, 515 U.S. 472, 484 (1995)*;* **Bass v. Perrin**, 170 F.3d 1312, 1318 (11th Cir. 1999). Because plaintiff has failed to allege that any punishment he received as a result of his disciplinary hearing - 10 days isolation - amounted to an atypical and significant hardship, his due process claim surrounding his disciplinary hearing is frivolous.

### G. *Failure to Protect*

Plaintiff alleges that in November 2005, his sister sent him a check for $30, which prison officials returned to her for unknown reasons. As a result, plaintiff had his sister send the check to inmate Daveke Wade, who was apparently supposed to cash the check for plaintiff. Wade instead kept the proceeds of the check for himself and allegedly threatened to harm plaintiff if he reported the "robbery." Plaintiff alleges that he feared for his safety and asked to be placed in protective custody; said request was accommodated.

It is well-settled that a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. ***Helling v. McKinney***, 509 U.S. 25 (1993); ***Estelle v. Gamble***, 429 U.S. 97 (1976).  Prison administrators "are under an obligation to take reasonable measures to guarantee the safety of the inmates." ***Hudson v. Palmer***, 468 U.S. 517, 526-527 (1984).  Specifically, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. ***Wilson v. Seiter***, 501 U.S. 294, 303 (1991).  If a prisoner puts prison officials on notice that he is at risk of harm from other prisoners, and then suffers a harm that could have been prevented by reasonable measures, those officials may be held liable.

Plaintiff makes no specific allegations that he has been assaulted by other prisoners.  Rather, he simply conclusorily alleges that he fears for his safety.  Plaintiff may have been placed at a risk of harm but a section 1983 claim arises only when the harm occurs, not when the risk of harm arises. ***See Babcock v. White***, 102 F.3d 267, 270-73 (7th Cir. 1996) (mere exposure to harm that never materializes is not actionable under the Eighth Amendment).

### *H. Criminal Warrant*

Plaintiff appears to allege that officials at VSP improperly refused to pursue criminal charges against Daveke Wade.  Plaintiff, however, has no constitutional right to have the man who allegedly robbed plaintiff prosecuted.  "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order." ***Bowers v. DeVito***, 686 F.2d 616, 618 (7th Cir. 1982) (citations omitted).  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." ***Linda R.S. v. Richard D.***, 410 U.S. 614, 619 (1973).

Furthermore, prison regulations calling for the criminal prosecution of inmates in certain situations do not create a protectible liberty interest for an inmate in having another inmate prosecuted. *Gangloff v. Poccia*, 888 F. Supp. 1549, 1559 (M.D. Fla. 1995) (citing *Hewitt v. Helms*, 459 U.S. 460, 468-71 (1983)).  Accordingly, plaintiff suffered no deprivation of his federal constitutional rights when the defendants allegedly refused to prosecute Wade.

### *I.  Conspiracy to Injure*

Plaintiff alleges that he is "presently being attacked by officers, et al., (staff) and inmates alike; and, or, I'm being set-up for attack by officers, et al., thru their agent(s) - inmates, officers and staff."  Vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983.  In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough to allege in the complaint that a conspiracy existed.  "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) (citing 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2 ed. 1984)).  Here, plaintiff does not allege a single fact upon which one could infer that a conspiracy existed.

### *J.  Mail*

Plaintiff alleges general disruption of his personal and legal mail.  He fails to state, however, the specific type of mail, the identity of the recipient or sender, the identity of the defendants who allegedly disrupted it, and when such alleged disruptions occurred.  Without providing such basic facts, plaintiff has simply failed to allege any violation of his constitutional rights.

### K. *Untimely Coffee*

Lastly, plaintiff alleges that on February 28, 2006, Officer Woodard (not named as a defendant) committed the "gross and barbarous act" of denying plaintiff his morning coffee. As his injury, plaintiff claims he had to wait nearly one hour before he was able to enjoy coffee with his breakfast. Plaintiff's complaint about the delay in receiving his coffee is too trivial to state a claim under section 1983.

## IV. CONCLUSION

In light of the above, plaintiff's section 1983 claims are legally frivolous. The complaint is therefore **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).[1]

**SO ORDERED**, this 20th day of March, 2006.

s/ Hugh Lawson
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

[1] Since filing his original complaint, plaintiff has made several additional filings: (1) Two motions for appointment of counsel (Tab #s 8 & 16); and (2) Motion for Preliminary Injunction, involving plaintiff's request for protection. (Tab # 7). The dismissal of plaintiff's complaint renders these motions moot.